UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BIOMEDICAL RESEARCH            CIVIL ACTION NO. 06-0405
FOUNDATION OF NORTHWEST
LOUISIANA

VERSUS                              JUDGE S. MAURICE HICKS, JR.

NEW ORLEANS REGIONAL P.E.T.      MAGISTRATE JUDGE HAYES
IMAGING CENTER L.L.C.

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 17) filed by Plaintiff Biomedical Research Foundation of Northwest Louisiana ("the Foundation"). Defendant New Orleans Regional P.E.T. Imaging Center, L.L.C. ("New Orleans PET") filed a partial opposition to the Motion for Summary Judgment. See Record Document 20. For the reasons which follow, the Motion for Summary Judgment is **GRANTED** and judgment is rendered in favor of the Foundation and against New Orleans PET in the amount of $106,748.09.

## BACKGROUND

The Foundation is a Louisiana not-for-profit organization. See Record Document 17-2. In 2004 and 2005, the Foundation provided goods and services to New Orleans PET on open account. See id. New Orleans PET failed to pay for all of those goods and services. See id. On May 6, 2005 the Foundation's general counsel sent a certified letter to New Orleans PET demanding payment in full on the open account balance, which at that time was $136,225.33. See Record Documents 17-4 & 22.

The Foundation and New Orleans PET made efforts to resolve the open account issue. See Record Documents 1 & 22. Those efforts failed, so the Foundation filed its

complaint on March 14, 2006. See id. New Orleans PET made payments in the interim period between the date of the demand letter and the date of the complaint. See Record Document 22. At the time the complaint was filed, the balance due on the open account was $108,148.09. See id. New Orleans PET made a few additional small payments after the complaint was filed and the current balance due on the open account is $106,748.09. See id. New Orleans PET does not dispute this amount, as it stated in its partial opposition that it "has no defense to the Foundation's motion insofar as it seeks entry of judgment in the amount of $106,748.09." Record Document 20 at 3.

## LAW AND ANALYSIS

### A.    Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp. , 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where

critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  <u>See</u> <u>Alton v. Tex. A&M Univ.</u>, 168 F.3d 196, 199 (5th Cir. 1999).

**B.    Open Account.**

As stated previously, New Orleans PET does not dispute the balance due of $106,748.09 on its open account with the Foundation.  Originally, in its complaint and Motion for Summary Judgment, the Foundation sought reasonable attorney's fees under La. R.S. 9:2781.  <u>See</u> Record Document 1 & 17.  New Orleans PET challenged the Foundation's request for attorney's fees.  Specifically, it argued that the Foundation's demand letter of May 6, 2005 did not correctly set forth the amount owed, as required by Section 2781(A).[1]  Yet, in its reply, the Foundation stated that "it no longer seeks attorney's fees, only the principal amount and any legal interest due on that amount."  Record Document 22 at 2.

Accordingly, the Court finds that summary judgment in favor of the Foundation is proper under Rule 56.  The Foundation has demonstrated the absence of a genuine issue as to any material fact and is entitled to judgment as a matter of law in the amount of $106,748.09, plus legal interest thereon.

---

[1]La. R. S. 9:2781(A) provides, in pertinent part:

When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.

## CONCLUSION

For the foregoing reasons, the Court grants the Foundation's Motion for Summary Judgment (Record Document 17) and judgment is rendered in favor of the Foundation and against New Orleans PET in the amount of $106,748.09, plus legal interest thereon.  A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this _21st_ day of February, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE